UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80164-CIV-MARRA

SAL J. PELLEGRINO,

    Plaintiff,

vs.

KOECKRITZ DEVELOPMENT OF
BOCA RATON, LLC,

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Koeckritz Development of Boca Raton, LLC's Verified Motion for Attorney's Fees and Costs (DE 25) and Plaintiff Sal Pellegrino's Motion to Strike Defendant's Notice of Supplemental Authority (DE 31). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

On February 19, 2008, Plaintiff Sal. J. Pellegrino ("Plaintiff") filed his Complaint, seeking to revoke his contract for purchase of a home from Defendant Koeckritz Development of Boca Raton, LLC ("Defendant") under the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 et seq.  The Court subsequently granted Defendant's motion to dismiss on July 10, 2008 (DE 22).  The Court dismissed the Complaint for failure to state a claim and denied without prejudice Defendant's Motion to Dissolve Lis Pendens, or in the Alternative, Post Bond.  Defendant now moves for attorney's fees and costs under the prevailing party

attorney's fees shifting provision of the contract.[1]

Plaintiff opposes Defendant's motion for fees and costs.  Plaintiff contends that Defendant violated the local rules by failing to confer in good faith prior to filing the motion. Plaintiff also contends that, under the Colorado River doctrine, this Court should abstain from ruling on the motion for fees and costs until his pending state court action has been resolved.  In reply, Defendant's counsel claims it conferred in good faith prior to filing the motion for fees. Furthermore, Defendant argues that by obtaining full dismissal of Plaintiff's complaint, it is the prevailing party and Plaintiff's state action has no bearing on that status.

II. Discussion

Generally speaking, each party in a lawsuit bears its own attorney's fees. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). Under Florida law, attorney's fees

---

[1] The contract states:

In connection with any litigation based in any way based upon, arising out of, or in connection with, or in any way relating to: (a) this Contract or any document executed or contemplated to be executed in conjunction with this Contract, (b) the transaction contemplated by this Contract, (c) the Home, its design, and/or the construction thereof, (d) any course of conduct, cause of dealing, and/or statements (verbal or written) of the parties to such litigation, and/or (e) any actions and/or inactions of the parties to the litigation, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorneys' fees, through and including all appellate levels. The provisions of this paragraph shall survive closing and any termination of this Contract prior to closing.

(Paragraph G.3, Purchase Agreement, Ex. A, attached to DE 14).

In making its application, Defendant also cites to 15 U.S.C. § 1709 of the ILSFDA (Defendant's Motion at 2), but makes no argument that it seeks fees under this provision.  To the extent Defendant is seeking fees under the ILSFDA, the undersigned recently concluded that fees cannot be granted to a prevailing defendant under 15 U.S.C. § 1709.  See Kamel v. Kenco/The Oaks at Boca Raton, LP, No. 07-80905-CIV, 2008 WL 3471594, at * 1 (S.D. Fla. Aug. 11, 2008).

may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery. Price v. Tyler, 890 So.2d 246, 250 (Fla. 2004). The Court does not have discretion to decline to enforce a contractual provision awarding attorney's fees as such provisions are mandatory. Lashkajani v. Lashkajani, 911 So.2d 1154, 1158 (Fla. 2005). Florida courts apply the definition of "prevailing party" applied by the United States Supreme Court: a party is a "prevailing party" if that party succeeds on "any significant issue" in the litigation which "achieves some of the benefit the parties sought." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 809-10 (Fla.1992). In this case, the parties contracted that the prevailing party would be entitled to recover reasonable attorney's fees and all costs incurred. Here, Defendant succeeded in having the sole count before this Court dismissed on the merits. The Court finds that this outcome qualifies Defendant as a prevailing party and Defendant is therefore entitled to an award for reasonable attorney's fees and all costs incurred.

Nonetheless, Plaintiff argues that he "may still prevail in his endeavor to revoke the agreement" in state court and therefore the Colorado River doctrine weighs in favor of this Court abstaining from ruling on the instant motion for attorney's fees. The Court rejects this argument. Simply put, the Colorado River doctrine only comes into play when there is "ongoing parallel action in state court." Moorer v. Demopolis Waterworks and Sewer Board, 374 F.3d 994, 997 (11th Cir. 2004) citing LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556, 1558 (7th Cir.1989). Here, the federal action concluded prior to the commencement of the state action, thus there is no parallel litigation and the Colorado River doctrine does not apply.

The Court now turns to Plaintiff's claim that prior to filing the motion for fees and costs,

Defendant stated that it would seek full reimbursement of all legal bills but the motion actually seeks less than the full amount of legal bills expended. According to Plaintiff, Defendant violated Local Rule 7.1.A.3 which requires counsel to confer with all parties in a good faith effort to resolve by agreement the issues to be raised in any motion. In response, Defendant states that it never specified the amount of attorney's fees it would seek in its motion but merely stated the amount of fees it incurred. Defendant also states that Plaintiff's counsel never sought to settle the amount of fees charged and instead sought to avoid any payment of attorney's fees. Clearly, the parties agree that Defendant conferred with Plaintiff prior to filing the motion. Instead, the parties wish to quibble over whether Defendant conferred in good faith. Based on this record, the Court cannot find that Defendant failed to operate in good faith. Thus, denial of attorney's fees and costs on that basis is unwarranted.

For the reasons stated herein, Defendant is entitled to reasonable attorney's fees and costs.[2]

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Attorney's Fees and Costs (DE 25) is **GRANTED** with respect to entitlement to attorneys' fees and costs. The Court reserves judgment at this time on the amount due to Defendant under this ruling. Plaintiff's Motion to

---

[2] Plaintiff moves to strike Defendant's Notice of Supplemental Authority. The Court shall strike the portions of Defendant's Notice that makes legal argument. However, the Court does not strike the portion that identifies supplemental authority. Rule 7.1(C) of the Southern District of Florida prohibits the filing of additional memoranda of law after the filing of a reply memorandum, but does not prohibit filing a notice of supplemental authority after a motion is fully briefed.

Strike Defendant's Notice of Supplemental Authority (DE 31) is **GRANTED IN PART AND DENIED IN PART.**

2)  Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned case is hereby **REFERRED** to United States Magistrate Judge Linnea R. Johnson for a report and recommendation on the exact amount of attorneys' fees and costs due to Defendant under this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of October 2008.

_____
KENNETH A. MARRA
United States District Judge