UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 08-80164-CIV-MARRA/JOHNSON**

SAL J. PELLEGRINO,

        Plaintiff,

v.

KOECKRITZ DEVELOPMENT
OF BOCA RATON, LLC,

        Defendant.
_____

**REPORT AND RECOMMENDATION ON DEFENDANT'S
VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** is before the undersigned as a result of the October 27, 2008, referral by the Honorable Kenneth A. Marra, United States District Judge, requiring preparation of "a report and recommendation on the exact amount of attorneys' fees and costs due to Defendant." (DE 33 at 5.) Defendant's prayer for the aforesaid relief has been fully briefed and is now ripe for adjudication. (DEs 25, 27 & 28.) After reviewing the parties' arguments, the undersigned recommends that the fees requested by Defendants after a voluntary reduction, along with part of the costs sought be granted.

**I. FACTUAL BACKGROUND**

By this action, Plaintiff sought to revoke a purchase agreement into which it entered with Defendant pertaining to the construction and purchase of a townhouse. (DE 1) The court granted Defendant's Motion to Dismiss this action (DE 5) on July 9, 2008 (DE 22 at 9), entering Final Judgment on Defendant's behalf on the same date (DE 23). Judge Marra's October 27, 2008, Order (DE 33) granted Defendant the right to seek reasonable attorneys' fees and costs as a prevailing party pursuant to a provision of the

contractual agreement into which the litigants entered.  (DE 33 at 3, 4.)

## II. STANDARD OF REVIEW

In a fee petition, the burden is on the moving party to establish the prevailing hourly market rate for legal services, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services.  Blum v. Stenson, 465 U.S. 886, 895 and 896 n. 11 (1984); NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th cir. 1987); Gaines v. Dougherty Co. Bd. of Education, 775 F.2d 1565, 1571 (11th Cir. 1985).  "The decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise."  Avirgan v. Hull, 705 F. Supp. 1544, 1549 (S.D. Fla. 1989) (citing Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).  Under the guidance of Hensley v. Eckerhart, 461 U.S. 424 (1983), the starting point to evaluate a request for attorneys' fees is to multiply "hours reasonably expended" by a "reasonable hourly rate."  461 U.S. at 433.  The party seeking fees is to make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary".  Hensley, 461 U.S. at 434.  Therefore, "billing judgment" is at the heart of an attorneys' fee petition, since "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*."  Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original).

Additionally, Fed. R. Civ. P. 54(d)(1) provides that: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be

allowed to the prevailing party."  Taxation of costs is a matter left to a district court's discretion.  Trammel Real Estate Corp. v. Trammel, 748 F.2d 1516, 1517 (11th Cir. 1984). The United States Supreme Court limits the costs that may be reimbursed to a prevailing party by the list of items set forth in 28 U.S.C. § 1920 and other related statutes, "absent explicit or contractual authorization."  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

### A. Defendant Requests Reasonable Attorneys' Fees.

Defendant's Verified Motion for Attorneys' Fees and Costs sets forth that its counsel expended a total of 81.70 hours, amounting to $37,033.00 in fees for the defense of this matter. (DE 25 at 3.)  Defendant, nonetheless, indicates to the court its voluntary reduction of $19,533.00 from the total fees incurred because of Defendant's "individual sensibilities in wanting and having [Ned. R. Nashban], a senior litigation attorney, perform extensive work on this case contributed to hours that, although requested by [Defendant] perhaps should not be fully borne by [Plaintiff]."  (Id.)  As a result, the total fees that Defendant seeks through its Motion amount to $17,500.00.  (Id.)

Plaintiff contends that Defendant's Motion fails to document properly the number of hours for which it seeks fees.  (DE 27 at 3; at 8, ¶ 29 & n.1)  The court disagrees with plaintiff's position.  The record shows, and the undersigned finds, that the necessary redaction of the description of services rendered, aimed at protecting attorney-client confidentiality, leaves sufficiently appropriate descriptions.  The court had no difficulty identifying the gist of the work performed and relating it to the time spent on the representation.  Therefore, Plaintiff's contention that the information provided does not allow a review of the "reasonableness of time [Defendant's] attorneys spent on any

particular task" (DE 27 at 8, ¶ 29) cannot stand.

Also, the affidavit of Craig J. Trigoboff, Esq., submitted by Plaintiff in support of its argument, avers that the hourly rates charged by defense counsel "exceed those regularly charged and paid in Broward, Palm Beach and Miami-Dade Counties for legal services similar to those provided to the Defendant in this case," (DE 27-6 at 3, ¶ 9), yet Plaintiff fails to develop that argument in its Response and does not suggest a reasonable rate in substitution.[1]  Also, Mr. Trigoboff states that his "standard hourly rate" (as a partner in his law firm) for cases allegedly similar to the one before the court is "$250.00 or $275.00" per hour.  (DE 27-6 at 3, ¶¶ 6 & 7).  Even though he contends that his rates are "in keeping with those charged and paid" in the relevant community (DE 27-6 at 3, ¶ 8), the court finds that representation to be inconclusive and unpersuasive.  What a single attorney chooses to charge a client (presented here in the alternative without further explanation) is not necessarily the norm, and, without more substance to the contention, represents simply a billing choice.  Such an unclear, passing statement certainly does not indicate the standard in a community.[2]

In addition, the undersigned does not find the affidavit of Margaret L. Cooper, Esq., submitted by Defendant in support of its Motion (DE 25-3), to be "woefully inadequate," as

---

[1] The Trigoboff affidavit makes a passing reference to "duplicative efforts and billing and inter-office conferences, all of which should not be recoverable," apparently attempting to indicate an abusive approach to charges without even referencing any particular entries.  (DE 27-6 at 4, ¶ 14.)  Plaintiff does not develop that argument in its Response.  A review of the billing records reflects some instances in which two attorneys conferred on issues.  To the court, however, what the record shows is not indicia of an abuse in billing–it is simply an inevitable part of legal representation where more than one attorney is involved in a case, and without any specific argument it is impossible for the undersigned to address that issue.

[2] An adjudicating court cannot make specific findings when boilerplate, global statements and/or objections are all that is presented to it.

4

Plaintiff contends (DE 27 at 8, ¶ 30). Ms. Cooper's affidavit clearly states that "[t]he principal part of [her] practice is commercial litigation, including real estate contract disputes." (DE 25-3 at 1, ¶ 2.) She indicates that she reviewed Defendant's files; that, as an experienced commercial litigator, she considered the work to have been performed efficiently; and that the time spent performing such work was not excessive or "beyond the norm."[3] (DE 25-3 at 1-2, ¶ 4.) Also, the Cooper affidavit provides the court with a range of hourly rates for associates, partners and paralegals in the applicable community. (DE 25-3 at 2, ¶ 7.)[4] Contrastingly, it is unclear to what extent Mr. Trigoboff reviewed the entire file in this matter, since he only makes passing remarks on the billing itself, not the entire context of the litigation. See e.g., DE 27-6 at 3-4, ¶¶ 9, 12-14 (containing commentaries on billing descriptions and rates).

Additionally, in a footnote to its Response, Plaintiff challenges the $310.00 per hour rate for Geoffrey M. Cahen, an attorney who devoted 24.50 hours to Defendant's representation (DE 25 at 3). (DE 27 at 9, n.3.) Plaintiff states that Mr. Cahen graduated from law school in 2002 "and has only been licensed in the State of Florida since 2005." (Id.) Plaintiff's counsel proceeds to indicate that he "has been licensed to practice in the State of Florida since 1998," adding that he charged his client $315.00 per hour in this matter. (Id.) Similarly, Mr. Trigoboff stated that Mr. Cahen did not deserve to charge

---

[3] Indeed, Ms. Cooper even advises the court of the time that she spent reviewing the file in this matter, conferring with Mr. Nashban, and preparing her affidavit in support of Defendant's Motion. (DE 25-3 at 2, ¶ 8.)

[4] The court takes notice that Ms. Cooper has been a member of The Florida Bar since 1976, and is a member of the Bar of the United States District Court for the Southern District of Florida. (DE 25-3 at 1.) Mr. Trigoboff has been a member of The Florida Bar since 1991, becoming licensed to practice before this court in 1992. (DE 27-6 at 2, ¶¶ 2 & 3.)

$310.00 per hour apparently because of his limited time practicing law. (DE 27-6 at 3, ¶ 10.) Mr. Trigoboff's affidavit repeats the information on Mr. Cahen's law school graduation and admission to practice in the State of Florida provided by Plaintiff's Response. (Id.) The affidavit indicates that the source of Mr. Trigoboff's information was The Florida Bar's website. (DE 27-6 at 3, ¶ 10.) Defendant's Reply clarifies Mr. Cahen's background by indicating where he worked after graduation from law school, stating that he performed significant commercial litigation work in New York City before being admitted to practice in the State of Florida. (DE 28 at 7, n.3; DE 28-2 at 3-4). In today's world there is an over abundance of easily-accessible electronic information. Hence, it seems to the court that Plaintiff and Mr. Trigoboff could have obtained complete data on Mr. Cahen's background and, thus, presented the argument on his experience in a different light, if at all. (DE 28-2 at 4.)

Having considered the evidence and arguments before the court, along with the undersigned's own expertise in handling attorneys' fee petitions, which may be properly applied in this adjudication, Norman v. Housing Auth. of City of Montgomery, 836 F.2d at 1303, the court finds that Mr. Cahen's rate of $310.00 per hour is reasonable. The same rationale and finding apply to the rates requested for, and time expended by, Daniel B. Rosenthal, Esq.; Emily Cahn (law clerk); and Gilda de la Cruz (paralegal).[5] (DE 25 at 3.)

As to the charges Defendant seeks to recover in connection with Mr. Nashban's services, applying a basic mathematical calculation to Defendant's voluntary reduction of

---

[5] In Missouri v. Jenkins, 491 U.S. 274 (1989), the United States Supreme Court held that paralegals' and law clerks' work should be compensated at the rates billed to clients. 491 U.S. at 285. There is no specific objection by Plaintiff to the hours worked by, or the rates requested for, Mr. Rosenthal, the law clerk and the paralegal performing work on behalf of Defendant.

6

fees charged by that attorney (DE 25 at 3), it becomes patently evident that Mr. Nashban's rate was reduced well below any rate mentioned in Plaintiff's opposing Response. In other words, Mr. Nashban's total hours devoted to this matter add up to 51.40.[6] (DE 25 at 3.) The amount billed to Defendant included 12.50 hours at $515.00 per hour, and 38.90 at $560.00 per hour, for a total of $28,221.50. (Id.) The voluntary reduction of charges, however, leaves Mr. Nashban's total fee at $8,688.50, which when divided by the number of hours he worked (51.40), comes out at a rate of $169.04 per hour. That is, of course, a rate well below what Plaintiff's counsel indicates having charged its client in this matter and what Mr. Trigoboff suggests he alternatively charges for similar matters in accordance with the standard rate in the applicable community. Even though neither Plaintiff nor Defendant addresses that meaningful fact, the court finds it to be a very significant element of the fee request which cannot be overlooked or ignored in the analysis of Defendant's Motion. Indeed, the undersigned finds it commendable and sensible that Defendant would be so rational in connection with its fee petition, causing the relief sought to show sound judgment and fairness. As a result, the court finds the total fees requested to be more than reasonable and fully within the ambit of the concept of "billing judgment" enunciated in Hensley.

### B. Part of Defendant's Costs Are Recoverable.

Plaintiff correctly argues that Defendant failed to file a timely bill of costs under 28

---

[6] Defendant also provides the court with information on Mr. Nashban's background and expertise. (DE 28 at 7; DE 28-2 at 1-2.) The Trigoboff affidavit simply questions the rate charged by Mr. Nashban. (DE 27-6 at 3-4, ¶ 11). Plaintiff only attacks Mr. Nashban's rate via commentary on Ms. Cooper's affidavit's content (DE 27 at 9, ¶ 33), not even suggesting what a reasonable hourly rate might be and overlooking the fact that Defendant voluntarily made a substantial cut in the fee sought for Mr. Nashban's services.

U.S.C. § 1920 in accordance with S.D. Fla. L.R. 7.3.C.  (DE 27 at 9-10.)  Defendant concedes that failure arguing, however, that such failure only affects the recovery of copying costs, which the record shows total $14.85.  (DE 25 at 3; DE 28 at 8.)  A review of the 2006 comments under S.D. Fla. L.R. 7.3 indicates that the Rule's amendment for that year distinguishes between the bill of costs authorized under 28 U.S.C. § 1920 and a motion to tax costs arising in circumstances other than those listed in the aforesaid statute.  Also, a district court has the authority to go beyond 28 U.S.C. § 1920 and consider contractual terms in determining costs.  Crawford Fitting Co., 482 U.S. at 445.

Here, Defendant, a prevailing litigant, seeks recovery of costs pursuant to a contractual agreement between the parties which provided, without any express or implied limitations, for the prevailing party in litigation to recover costs.[7]  See DE 25 at 1-2 & 27-2 at 19, ¶ 3 (setting forth contract language on prevailing party's right to recover costs in the event of litigation).  Plaintiff's Response is silent on the issue of that agreed-to contractual recovery clause.  Besides the aforementioned copying costs, Defendant seeks reimbursement for postage ($3.40) and research charges ($153.78) for a total of $157.18.  (DE 25 at 3.)  As earlier noted, the 2006 amendment to S.D. Fla. L.R. 7.3 clarifies the recovery of those expenses and the United States Supreme Court's Crawford Fitting Co. decision allows this court to consider Defendant's costs request.  The court has taken in consideration that Defendant's legal representation encompassed a period of approximately ten months between September of 2007 and June of 2008 (see DE 25-2

---

[7] It is unknown to the court why Defendant distinguishes the type of costs recoverable under the parties' contract.  Nonetheless, the undersigned defers to Defendant's concession that copying costs are barred.

(reflecting time span covered by billing records)), and resulted in a dismissal of this action, representing a complete success for Defendant's position.  Therefore, the undersigned finds that the costs other than copying charges ($14.85) which Defendant seeks to recover from Plaintiff, amounting to $157.18 (DE 25 at 3), are not excessive and properly taxable.

### III. CONCLUSION

Defendant requests reasonable attorneys' fees and the allowable costs sought are not inordinate.  Accordingly, it is **RECOMMENDED** that:

1. Defendant be awarded a total of $17,500.00 in attorneys' fees; and
2. Costs in the amount of $157.18 be taxed against Plaintiff.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections to it, if any, with the Honorable Kenneth A. Marra, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  Resolution Trust Corp. v. Hallmark Builders, 996 F.2d 1144, 1149 (11th Cir. 1993); LoConte v. Drugger, 847 F.2d 745, 749 (11th Cir. 1988).

Respectfully submitted in Chambers at West Palm Beach, Florida, this 31st day of October, 2008.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to:   Honorable Kenneth A. Marra, United States District Judge
             All Counsel of Record